UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANK MADREN, Individually and as the Sellers' Representative of the Former Shareholders of GarrettCom, Inc., <br><br> Plaintiff, <br><br> v. <br><br> BELDEN, INC. and DOES 1-25, <br><br> Defendant. | Case No.: 12-CV-01706-RMW <br><br> ORDER DENYING MOTION TO REMAND |

Plaintiff Frank Madren moves to remand to Santa Clara County Superior Court this action arising out of an alleged breach of a merger agreement. For the following reasons, the court denies the motion.

## I. BACKGROUND

In November 2010, GarrettCom, Inc. ("GarrettCom") entered into a merger agreement with defendant Belden, Inc. ("defendant"). The agreement appointed plaintiff Frank Madren ("plaintiff") to represent the soon-to-be former shareholders of GarrettCom. As the shareholders' representative, plaintiff was responsible for handling post-merger litigation against GarrettCom and overseeing the winding down of the shareholders' interests.

The merger agreement permits defendant to hold back $10.4 million (the "Holdback Funds") owed to GarrettCom's shareholders, in part to cover any claims brought against

GarrettCom for which defendant is entitled to indemnification. Since December 2010, there have been at least three such claims, which plaintiff has addressed by retaining counsel, directing discovery and negotiating settlements. He contends that the merger agreement vests him with authority to independently direct holdback funds to pay for any costs incurred in connection with these claims. However, defendant has allegedly refused to turn over any portion of the holdback funds until plaintiff obtains its approval for specific expenditures. As a result, plaintiff claims that he has been forced to pay $325,000 in legal expenses out of his own pocket.

On February 14, 2012, plaintiff filed a complaint asserting causes of action for declaratory and injunctive relief against defendant in Santa Clara Superior Court. *See* Dkt. No. 11, Ex. 1. Specifically, he sought a "judicial determination" regarding the scope of his authority to direct holdback funds under the merger agreement and a temporary restraining order enjoining defendant from dispersing any remaining funds until such a determination is made. *Id.* He also requested interest on "fees and expenses he has had to incur personally," special and general damages in excess of $25,000 each, punitive damages and attorneys' fees and costs. *Id.*

On March 1, 2012, plaintiff mailed defendant a Notice and Acknowledgement of Receipt, along with a copy of the summons and complaint, pursuant to Cal. Code Civ. Proc. § 415.30. *See id.*, Ex. 2. Plaintiff personally served defendant on March 6, 2012. *Id.*, Ex. 3. Defendant signed and returned the Notice and Acknowledgment of Receipt on March 20, 2102. *Id.*, Ex. 2.

On April 3, 2012, plaintiff filed a First Amended Complaint ("FAC") in the Superior Court. *See* Dkt. No. 1. The FAC, like the original complaint, asserts causes of action for declaratory and injunctive relief, but seeks additional "judicial determinations" concerning the shareholders' right to £317,600 in excess cash held by GarrettCom, the reimbursement of tax benefits obtained by defendant as a result of the merger, and the rate at which defendant's attorneys can be compensated. *See id.* On April 4, 2012, plaintiff served defendant with a copy of the FAC and filed a Motion to Specially Set Matter for Trial under Cal. Code Civ. Proc. § 1062.3. Dkt. No. 11, Ex. 4.

The following day, defendant removed the action to this court. The basis for removal, which plaintiff does not dispute, is diversity jurisdiction. *See* Dkt. No. 1.

## II. ANALYSIS

### A. Timeliness

Plaintiff first contends that defendant's removal of this case from state court was untimely. For removal to be timely, a defendant wishing to remove a case to federal court must file a notice of removal within 30 days of receiving "through service or otherwise [a] copy of the initial pleading setting forth the claim for relief ...." 28 U.S.C. § 1446(b). Formal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30–day removal period because it "assures defendants adequate time to decide whether to remove an action to federal court." *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 354 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process"); *see also* William W. Schwarzer, et al., *Federal Civil Procedure Before Trial (The Rutter Group)* ¶¶ 2.896, 2.897 (removal period is triggered by formal service of process, which is determined by state law). In California, a plaintiff may serve process by mail where the mailing includes a copy of the summons and complaint, two copies of a notice and acknowledgment form, and a pre-paid return envelope. *See* Cal. Code Civ. Proc. § 415.30(a). Service by mail is complete on the date the notice form is executed, provided that it is returned to the sender. *See* Cal. Code Civ. Proc. § 415.30(c); *Star Varga v. United Airlines*, No. 09-02278 SI, 2009 U.S. Dist. LEXIS 64000, at *8 (N.D. Cal. July 24, 2009). Personal service is deemed complete at the time of delivery. *See* Cal. Code Civ. Proc. § 415.10.

Here, it is undisputed that defendant was personally served on March 6, 2012. It is also undisputed that the Notice and Acknowledgment of Receipt was not signed and returned until March 20, 2012. Therefore, defendant had until April 5, 2012—thirty days after the earlier of the two effective service dates—to remove the case from state to federal court. As defendant filed its notice of removal on April 5, 2012, removal was timely.

3

Case No.: 12-CV-01706-RMW
ORDER DENYING MOTION TO REMAND
EDM

1  Plaintiff argues that the mailing of a summons and complaint is sufficient to trigger the 30-day removal period under *Lofstrom v. Dennis*, 829 F. Supp. 1194 (N.D. Cal. 1993). However, it *Lofstrom* is no longer good law because it was decided before *Murphy Bros.*, and has been repeatedly rejected by California courts in the wake of the Supreme Court's ruling. *See Star Varga*, 2009 U.S. Dist. LEXIS 64000, at *8-9 (removal period began upon execution of the notice and acknowledgement of receipt, even where defendant's agent received summons and complaint more than two weeks earlier); *see also Big B Auto. Warehouse Distribs., Inc. v. Cooperative Computing, Inc.*, No. 00-2602, 2000 U.S. Dist. LEXIS 16363, at *6 (N.D. Cal. Oct. 31, 2000); *Luchetti v. Hershey Co.*, No. 08-1629 SI, 2008 U.S. Dist. LEXIS 53556, at *8-10 (N.D. Cal. June 4, 2008); *Borchers v. Std. Fire Ins. Co.*, 2010 U.S. Dist. LEXIS 75414, at *5-6 (N.D. Cal. June 25, 2010); *Aniel v. EMC Mortgage Corp.*, 2011 U.S. Dist. LEXIS 21890, at *8-9 (N.D. Cal. March 4, 2011).

Plaintiff further relies on *Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 562 (D.N.J. 2009), which held that receipt of a summons and complaint is sufficient to initiate the 30-day removal period under *Murphy Bros.* even if it does not constitute effective service under state law. This court does not find *Granovsky* persuasive because, as noted above, it conflicts with the application of *Murphy Bros.* by courts in this circuit. Furthermore, *Granovsky* is factually distinguishable because it concerned a situation where one defendant filed a notice of removal within the 30-day window as defined by New Jersey law but the other defendant did not, so the court construed the 30-day clock for both defendants to commence on the date the first defendant was properly served. *See Granovsky*, 631 F. Supp. 2d at 564. Therefore, the court finds *Granovsky* inapplicable and holds that defendant's removal petition was timely filed.

**B.   Abstention under the Declaratory Judgment Act**

Plaintiff next argues that the court should decline to hear this action because it asserts a claim for declaratory relief. The Declaratory Judgment Act "embraces both constitutional and prudential concerns." *Government Emples. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998).

Thus, even where a declaratory judgment action meets the requirements for diversity jurisdiction, the district court has discretion to decide if "entertaining the action is appropriate." *Id.*

In determining whether to assert jurisdiction over a declaratory relief action, a district court considers the factors articulated in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942). This analysis requires abstention if addressing the claim would: (1) needlessly determine issues of state law; (2) encourage forum shopping; and (3) allow duplicative litigation. *Dizol*, 133 F.3d at 1225. Where there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court. *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-67 (9th Cir. 1991). "However, there is no presumption in favor of abstention in declaratory actions generally." *Dizol*, 133 F.3d at 1225. Indeed, cases in which there are no parallel state court proceedings "lie at the 'outer boundaries' of the district court's discretion under the Declaratory Judgment Act." *Maryland Cas. Co. v. Knight*, 96 F.3d 1284, 1289 (9th Cir. 1996) (quoting *Wilton v. Seven Falls Co.*, 115 S. Ct. 2137, 2144 (1995)).

### 1. Whether plaintiff's claim falls within the scope of the Declaratory Judgment Act

As a threshold matter, defendant contends that plaintiff's claims falls outside the scope of the Declaratory Judgment Act because it is "truly" a damages action for breach of contract, not declaratory relief. Dkt. No. 13 at 8. A district court does not have the same discretion to decline to entertain a claim for damages as it does over a claim for declaratory relief. *See AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1147 (9th Cir. 2007). Thus, when claims for monetary damages are joined with an action for declaratory relief, "the district court should not, as a general rule, remand … the claim for declaratory relief." *Dizol*, 133 F.3d at 1225. On the other hand, the mere presence of a claim for monetary relief does not deprive the court of its discretion to remand an action that is "primarily declaratory in nature." *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1112 (9th Cir. 2001). The analysis turns on "whether the claim for monetary relief is independent in the sense that it could be litigated in federal court even if no declaratory claim had

5

been filed." *Id.* at 1113. If it could, the district court should generally not grant the motion to remand. *Id.*

In this case, the only genuine "cause of action" in the FAC is characterized as a claim for declaratory relief, not monetary relief.[1] However, the inquiry does not end there. As the Ninth Circuit has noted, while a plaintiff may "artfully plead[] its state-court complaint as one for declaratory relief alone," a court must consider the circumstances of the case and relief sought in order to determine the true nature of the action. *Id.* at 1114; *see also Std. Fire Ins. Co. v. Olsen*, No. 10-00056 JF, 2010 U.S. Dist. LEXIS 49432, at *13-14 (N.D. Cal. Apr. 26, 2010) (considering the specific relief sought to decide whether it is "inextricably intertwined with, and depend[ent] upon" the claim for declaratory judgment) (quoting *N. Pac. Seafoods, Inc. v. Nat'l Union Fire Ins. Co.*, No. C06-795RSM, 2008 U.S. Dist. LEXIS 1714, at *10 (W.D. Wash. 2008)).

Plaintiff seeks judicial determinations that under the terms of the merger agreement: (1) the costs he has incurred for legal expenses, plus any further fees that may be incurred, can be directed from the holdback funds without a "condition precedent" that he obtain defendant's approval for specific expenditures; (2) the shareholders are the lawful owner of £317,600 in excess cash; (3) the shareholders are entitled to the economic benefit of the tax deductions associated with the merger; (4) plaintiff and the shareholders are entitled to interest payable for all of the money withheld as a result of defendant's positions on the above issues; and (5) the shareholders are liable for paying defendant's conflict counsel only as much as they pay their own. *See* FAC ¶ 22. With the exception of the last request, each determination seeks, at least implicitly, monetary relief for plaintiff, the shareholders, or both. Further, with respect to the first two requests, plaintiff commenced the suit with "full knowledge of the amount of damages resulting from [defendant's] alleged breach." *United Nat'l Ins. Co.*, 242 F.3d at 1114. Such claims are thus "not far removed from a claim for breach of contract." *Id.* Moreover, plaintiff's assertion that "as a result of

---

[1] As plaintiff points out, while the FAC describes his request for injunctive relief as a "cause of action," it is better construed as a remedy. *See McDowell v. Watson*, 59 Cal. App. 4th 1155 (Cal. Ct. App. 1997) ("Injunctive relief is a remedy and not, in itself, a cause of action.") (internal citation omitted).

[defendant's] breach of the merger agreement, … [he] was forced to fund $325,000 towards payment of [legal expenses]" certainly could have been styled as a contract claim seeking restitution rather than declaratory relief.  SAC ¶ 18.  Because claims for restitution have "not historically been predicated on favorable disposition of a claim for declaratory judgment," the inclusion of this allegation supports defendant's position that plaintiff's monetary claims are "independent of the request for declaratory relief."  *United Nat'l Ins. Co.*, 242 F.3d at 1114 (finding a reimbursement claim seeking restitution to be independent of the request for declaratory relief).

The FAC's prayer for special, general damages, and punitive damages, which appears to have little or no relationship to plaintiff's claims for declaratory relief, also indicates that this action does not fall within the ambit of the Declaratory Judgment Act.  *See Southwind Aviation v. Bergen Aviation*, 23 F.3d 948, 951 (5th Cir. 1994) ("Southwind also requests coercive remedies for the breach of contract in the form of damages, attorney's fees, and injunctive relief.  Inclusion of these coercive remedies indisputably removes this suit from the ambit of a declaratory judgment action."); *compare Bertero v. National General Corp.*, 254 Cal. App. 2d 126, 147 (Cal. Ct. App. 1967) (upholding an award of monetary relief in a declaratory judgment action where the plaintiff provided specific evidence showing that he had suffered damages in an amount related to the declaratory relief sought).   The court therefore agrees with defendant that its discretion to remand this action is, at best, extremely limited.

Plaintiff's arguments to the contrary are unpersuasive.  First, he contends that "the money at issue is not damages, but instead akin to an interpleader action because [defendant] is holding the former shareholders' funds and the dispute centers on when the funds should be released, and in what amount."  Dkt. No. 16 at 8.  This argument fails because there is no question that an interpleader action "could be litigated in federal court even if no declaratory claim had been filed."  *United Nat'l Ins. Co.*, 242 F.3d at 1113; *see* 28 U.S.C. § 1335 (conferring federal jurisdiction over interpleader actions).

Plaintiff next argues that the "economic impact" of the court's interpretation of the merger agreement is "incidental" to his claim for declaratory relief.  Dkt. No. 16 at 7.  Plaintiff relies on

*Probe v. State Teachers' Retirement System*, 780 F.2d 776, 780 (9th Cir. 1986), which noted that a class could be certified under Fed. R. Civ. P. 23(b)(2) where the putative class members sought money damages that were "incidental" to their claim for injunctive relief. First, not clear why the standard for class certification under Rule 23 has any bearing on the instant inquiry. Second, in the very same paragraph, plaintiff emphasizes that the amount of money wrongfully withheld by defendant—which he estimates at $3.6 million—is "not insignificant." Dkt. No. 16 at 7. Far from being tangential to his request for declaratory relief, plaintiff's briefing implies that monetary relief is his central purpose in bringing this litigation. The court therefore concludes that plaintiff's claim is not "primarily declaratory in nature," which counsels strongly against remand. *United Nat'l Ins. Co.*, 242 F.3d at 1112.

    **2.**     **Whether remand is appropriate under *Brillhart***

Even if the court were to apply the *Brillhart* factors, remand would be inappropriate in this case. First, retaining the action would not result in duplicative litigation because this case was removed in its entirety, leaving no parallel action pending in state court. *See Gerdes v. GEICO Indem. Co.*, No. 10-2165, 2011 U.S. Dist. LEXIS 21112, at *4 n. 1 (D. Ariz. Feb. 11, 2011) (finding *Brillhart* inapplicable because defendant had removed the "entire case" to federal court); *Curtiss-Wright Corp. v. CNA Fin. Corp.*, No. 11-4416, 2012 U.S. Dist. LEXIS 42720, at *19 (D.N.J. Jan. 26, 2012) (same). Second, while plaintiff accuses defendant of "forum shopping" in order to deny him of a statutory right to a speedy trial that he cannot "benefit from in federal court," Dkt. No. 10 at 9, Rule 57 expressly allows a district court to order expedited proceedings in a declaratory judgment action. *See* Fed. R. Civ. P. 57; *United States v. Stein*, 452 F. Supp. 2d 230, 270 (S.D.N.Y. 2006). Finally, although plaintiff's claims involve solely questions of California law, he does not argue that such questions involve novel or unsettled issues. *See Allstate Ins. Co. v. Davis*, 430 F. Supp. 2d 1112, 1120 (D. Haw. 2006) ("The concern in this factor [under *Brillhart*] is with unsettled issues of state law, not fact-finding in the specific case.") (internal citations omitted). "Federal and state courts are equally capable of applying settled state law to a difficult set of facts." *Heritage Farms, Inc. v. Solebury Township*, 671 F.2d 743, 747 (3d Cir. 1982). The

court thus declines to exercise its discretion to remand this action under the Declaratory Judgment Act.[2]

### III. ORDER

For the foregoing reasons, the court denies plaintiff's motion to remand and request for attorneys' fees and costs.

DATED:  7/2/12

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[2] Since the court denies plaintiff's motion to remand, his request for attorneys' fees and costs under 28 U.S.C. § 1447(c) is also denied.